**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CUSTOM CRAFT MANUFACTURING COMPANY, a Division of U. S. Industries, Inc., Respondent.**

**No. 73–1923.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 4, 1974.

Decided March 13, 1974.

———◆———

Fredrick Sagan, N.L.R.B. for petitioner; Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Alan D. Cirker, Atty., N.L.R.B., Washington, D. C., on brief.

Robert F. Colvin, Memphis, Tenn., for respondent; Newell N. Fowler, George D. McCrary, Memphis, Tenn., on brief.

Before WEICK, EDWARDS and PECK, Circuit Judges.

PER CURIAM.

The National Labor Relations Board seeks enforcement of its decision and order reported at 205 N.L.R.B. No. 111. In this order the Board found that the company violated § 8(a)(5) and (1) of the National Labor Relations Act, 29 U. S.C. § 158(a)(5) and (1)(1970), by refusing to bargain with a union[1] which had previously been certified by the Board as exclusive bargaining representative. Previously the company and the union had stipulated to the holding of a consent election which the union won by 139 votes to 93. Subsequently the company filed objections to the election, claiming union misrepresentations, disruption, a power failure during the balloting, and improper appeals to religious bias by the union. The Regional Director's investigation and report recommended that the objections be overruled and that the company's request for a hearing be denied, and the Board in its decision and order followed this course.

It is clear that the record discloses a heated election campaign, with a good deal of strong propaganda on both sides. The principal complaint of the company seems to be that in a letter issued two days before the election, the union reported a rumor that the plant manager was secretly in favor of a union victory.

The plant manager himself had written or uttered some extremely strong antiunion propaganda in the period immediately prior to the election. Under these circumstances, we do not believe that, improper as the report of this rumor may have been, it could have materially affected the outcome of the election.

We also agree with the Board that the report of the Regional Director shows that the Board's agent at the occurrence of the power failure took all necessary and appropriate steps to preserve the laboratory conditions for the election. Respondent concedes that it has refused

1. Local No. 954, United Rubber, Cork, Linoleum and Plastic Workers of America, AFL–CIO–CLC.

 

to bargain with the union, as required by the Board's previous certification of it as bargaining representative.

Enforcement of the order of the Board is granted.